### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MICHAEL DUANE ARTER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. CIV-07-866-M |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of the Social** | ) |
| **Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

### REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits.  United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  The Commissioner has answered and filed the administrative record (hereinafter Tr. __).  As the parties have briefed their positions, the matter is at issue.  For the following reasons, it is recommended that the decision of the Commissioner be affirmed.

### I.  PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits on March 11, 2005, alleging a disability onset date of August 9, 2002, caused by a work-related back injury.  Tr.

60-62, 335.[1] His application was denied on initial consideration and on reconsideration at the administrative level. Tr. 19-20, 39-41, 45-48. Pursuant to Plaintiff's request, a hearing was held before an administrative law judge on November 8, 2006. Tr. 38, 331-56. Plaintiff appeared in person with his attorney, and offered testimony in support of his application. Tr. 333-46, 351-53. A vocational expert also testified at the request of the administrative law judge. Tr. 21-22, 346-51, 354. The administrative law judge issued his decision on February 23, 2007, finding that Plaintiff was not disabled within the meaning of the Social Security Act, and thus he was not entitled to benefits. Tr. 8-10, 11-17. The Appeals Council denied Plaintiff's request for review on May 29, 2007, and therefore the decision of the administrative law judge became the final decision of the Commissioner. Tr. 4-6.

## II. STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> We review the agency's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. The agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal. Finally, because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight.

---

[1] In his opening brief, Plaintiff amends his alleged disability onset date to June 10, 2003. Plaintiff's Opening Brief, p. 5. <u>See also</u>, Tr. 72.

> However, we may neither reweigh the evidence nor substitute our discretion for that of the Commissioner.

Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted). To determine whether a claimant is disabled, the Commissioner employs a five-step sequential evaluation process. Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988). The claimant bears the burden to establish a prima facie case of disability at steps one through four. Id. at 751 & n.2. If the claimant successfully carries this burden, the burden shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy given the claimant's age, education, and work experience. Id. at 751.

### III. THE ADMINISTRATIVE LAW JUDGE'S DECISION

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520. Tr. 16-17. He first found that Plaintiff had not engaged in substantial gainful activity since August 2, 2002. Tr. 16. At steps two and three, the administrative law judge found that Plaintiff suffers from intractable back pain with radiculopathy of lower extremities secondary to multiple level disc disease, mild obesity, mild depression with anxiety, and mild to moderate sleep apnea, and found that these impairments were severe, but not severe enough to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations, No. 4. Tr. 16. The administrative law judge next found that Plaintiff has the physical residual functional capacity to perform skilled work at the light exertional level that

does not involve more than occasional postural changes, and that gives him the option to sit or stand at will.  Tr. 17.  Based on this residual functional capacity assessment, the administrative law judge found at step four of the sequential evaluation process that Plaintiff was not able to perform his past relevant work.  Tr. 17. Considering Plaintiff's age, education, experience, and the testimony of the vocational expert, the administrative law judge concluded that there are other jobs in the national economy which exist in significant numbers which Plaintiff can perform.  Tr. 17.  Accordingly, the administrative law judge found that Plaintiff was not disabled and he denied Plaintiff's application.  Tr. 17.

## IV.  PLAINTIFF'S ARGUMENTS ON APPEAL

Plaintiff raises two issues for judicial review.  He first claims the administrative law judge's credibility finding is not supported by substantial evidence because the administrative law judge failed to identify which evidence was not credible and to state why it was not credible. See Plaintiff's Opening Brief, p. 4.  Second, Plaintiff alleges the administrative law judge's finding that Plaintiff has the residual functional capacity to perform jobs identified by the vocational expert is not supported by substantial evidence.  Id. at 6.

## V.  DISCUSSION

### 1. Credibility Finding

In support of his first argument, Plaintiff contends the administrative law judge committed reversible error by making an adverse credibility determination "without identifying the exact testimony that was not credible."  Plaintiff's Opening Brief, p. 4.

Plaintiff then proceeds to identify several medical records he contends support his allegations concerning the disabling nature of his impairments.  Id. at 4-5.

The Commissioner responds that the administrative law judge's credibility analysis is proper.  Response Brief, p. 4.  The Commissioner notes that the administrative law judge recited the specific evidence he considered in making the credibility determination, and appropriately determined that Plaintiff was not as limited by his impairments as he claimed.  Id. at 5.  The Commissioner also discusses portions of the decision and record which support the administrative law judge's credibility finding.  Id. at 6-7.  In reply, Plaintiff discusses several entries in the record which support his allegation that is unable to work, and essentially argues that the administrative law judge's decision and the Commissioner's response paint an incomplete picture of the effects Plaintiff's impairments have on his ability to work.  Reply, pp. 1-3.

The framework for the proper analysis of a claimant's evidence of pain is set out in Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987).  The administrative law judge must consider: (1) whether the existence of a medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's pain or other symptoms has been established by objective medical evidence, (2) if so, whether considering all the evidence, both objective and subjective, there is at least a "loose nexus" between the impairment and the claimant's subjective allegations, and (3) if so, whether, considering all of the evidence,

both objective and subjective, the claimant's symptoms are in fact disabling. Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993).

When the existence of a medically determinable physical or mental impairment that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the claimant's ability to do basic work activities. Social Security Ruling 96-7p, 1996 WL 374186, at *2. Some of the factors that may be considered in assessing the credibility of a claimant's statements about the effects of his symptoms include: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the claimant receives or has received for relief of pain or other symptoms; (5) treatment, other than medication, the claimant has received for relief of pain or other symptoms; and (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms. Id. at *3; 20 C.F.R. § 404.1529(c)(3); Luna, 834 F.2d at 164-66; see also Huston v. Bowen, 838 F.2d 1125, 1132 (10th Cir. 1988) (listing other factors including "frequency of medical contacts, . . . subjective measures of credibility that are peculiarly within the judgment of the [administrative law judge], the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.").

Credibility determinations are peculiarly the province of the finder of fact, and should not be upset when they are supported by substantial evidence. Diaz v. Sec'y of Health and Human Servs., 898 F.2d 774, 777 (10th Cir. 1990). An administrative law judge must closely and affirmatively link his credibility findings to substantial evidence; a conclusory finding is insufficient. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). However, a "formalistic factor-by-factor recitation of the evidence" is not required. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). An administrative law judge's credibility analysis is sufficient so long as the decision sets forth the specific evidence relied upon in making the determination. Id.

Here, the administrative law judge determined that Plaintiff established the existence of intractable back pain with radiculopathy of lower extremities secondary to multiple level disc disease, mild obesity, mild depression with anxiety, and mild to moderate sleep apnea. Tr. 16. Accordingly, he was required to determine the extent to which he believed Plaintiff's subjective assertions concerning how those impairments affect his ability to work. See Luna, 834 F.2d at 163. The administrative law judge comprehensively discussed the contents of Plaintiff's medical records in his decision. Tr. 11-13. When he began his specific discussion of Plaintiff's credibility, the administrative law judge identified the appropriate law governing credibility determinations, and then applied it to Plaintiff's medical records before concluding, "[a]fter careful consideration of all the evidence, . . . the claimant's allegations of the disabling nature of his health impairments are not credible." Tr. 14, 15.

The administrative law judge's credibility discussion is both legally and factually adequate because in evaluating the credibility of Plaintiff's subjective complaints, the administrative law judge considered the appropriate factors and linked his findings to specific substantial evidence in the record.  For example, in connection with his credibility discussion, the administrative law judge considered Plaintiff's ability to perform daily activities and observed that several physicians who treated Plaintiff released him to work with varying degrees of activity.  Tr. 14, 166-67, 184, 189-90.  The administrative law judge also noted that Plaintiff's pain management specialist documented improvement and stabilization in Plaintiff's pain, and recorded his ability to perform several physical activities such as walking and yard work.  Tr. 14, 232, 245-47.  The administrative law judge also observed that a rehabilitative specialist rated Plaintiff as a candidate for vocational retraining to less physically demanding jobs.  Tr. 14, 205-206, 210, 218.

At the hearing, Plaintiff testified that his use of morphine to control his pain affects his ability to perform daily activities.  Tr. 351-53.  Factoring in the side effects caused by the medications Plaintiff takes to control his pain, the administrative law judge remarked that Plaintiff's medical records do not show he has consistently exhibited problems with alertness and mental functioning, or that Plaintiff has spoken with his pain management specialist about adjusting the dosages or types of medications he takes to control his pain because of their impact on his mental capabilities.  Tr. 14-15; see generally Tr. 229, 232, 235, 237-41, 245-47.  In fact, Plaintiff's pain management specialist repeatedly noted Plaintiff's self-

8

reported lack of impairments upon his functioning. Tr. 229, 232, 235, 237-38, 240-41, 245, 247.

The evidence also shows, and the administrative law judge remarked, that Plaintiff's other impairments, including mild sleep apnea and mild obesity do not significantly interfere with his vocational abilities. Tr. 14, 229, 232, 235, 237-41, 245-47. Nor did a psychological evaluation yield signs that Plaintiff suffers from depression or any other significant psychiatric disorders. Tr. 14, 202-204  Considering that the administrative law judge's decision shows he considered evidence pertaining to the factors relevant to making a credibility determination and linked his findings to specific evidence in Plaintiff's medical record, it is adequate. Contrary to Plaintiff's claims, it is not legal error for the administrative law judge to omit discussion of the exact testimony he finds incredible because all that is required is a general discussion of the evidence and appropriate factors. See Qualls, 206 F.3d at 1372 (concluding that credibility analysis was sufficient where administrative law judge set forth the specific evidence relied upon in making the determination).  Thus, Plaintiff's claim that the administrative law judge's failure to identify the exact testimony he found incredible requires reversal is unavailing.

Plaintiff also points to records from several physicians wherein the physician opined that Plaintiff was disabled - either temporarily or permanently. Plaintiff's Opening Brief, pp. 4-5; Reply, pp. 1-3. While it is certainly true that some physicians and a vocational specialist characterized Plaintiff as disabled, these opinions are not dispositive of the issue because the

final responsibility for determining the issue of disability is reserved to the Commissioner. See Castellano v. Sec'y of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994). Plaintiff also identifies several records where Plaintiff's physicians documented the existence and certain effects of Plaintiff's pain. Plaintiff's Opening Brief, pp. 4-5; Reply, pp. 1-3. Again, the evidence Plaintiff highlights certainly supports his disability claim, but on judicial review, the court does not reweigh the evidence or substitute its opinion for that of the factfinder. See Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005). In any event, the inability to work pain-free is not a sufficient basis for determining that a claimant is disabled. See Brown v. Bowen, 801 F.2d 361, 362-63 (10th Cir. 1986). After considering the medical records and listening to Plaintiff's testimony at the hearing, the administrative law judge made an adverse credibility finding which is entitled to deference on judicial review. Given the foregoing, Plaintiff's first point of error does not necessitate a remand.

### 2. Step Four and Five Findings

As his second point of error, Plaintiff complains that the administrative law judge's finding that he has the residual functional capacity to perform the jobs identified by the vocational expert is not supported by substantial evidence. Plaintiff explains that the vocational expert testified that if he suffered "marked" limitations on his ability to pay attention and concentrate, he would not be able to perform the jobs identified by the vocational expert. According to Plaintiff, the administrative law judge's finding that he suffers no marked limitations on his mental functioning is not supported by substantial

evidence. Plaintiff's Opening Brief, p. 6. Plaintiff supports his argument by pointing to several medical records indicating that he experienced mentally limiting side effects from the medications he uses to control his pain. Id. at 6-7. Thus, Plaintiff contends, the Commissioner did not meet his step five burden to demonstrate he is capable of performing work that exists in significant numbers. Id. at 7-9.

In response, the Commissioner notes that the claimant carries the burden of proof through step four and that the residual functional capacity finding is made at step four, and thus is an issue upon which the claimant bears the burden of proof. Response Brief, pp. 7-8. The Commissioner further contends that the administrative law judge's findings at both step four and five are supported by substantial evidence. Id. at 8-9.

As discussed earlier, "[t]he claimant bears the burden of establishing a prima facie case of disability at steps one through four." Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). If the claimant successfully meets his burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy, given his age, education, and work experience. Id. A claimant is entitled to benefits if the Commissioner cannot establish that the claimant retains the capacity "to perform an alternative work activity and that this specific type of job exists in the national economy." Channel v Heckler, 747 F.2d 577, 579 (10th Cir. 1984) (per curiam). The Commissioner may meet the step five burden with vocational expert testimony concerning what work the claimant has the capability to perform.

See Ragland v. Shalala, 992 F.2d 1056, 1058 (10th Cir. 1993). Thus, while the Commissioner is correct that the residual functional capacity assessment is made at an earlier step, at step five, the Commissioner must show that the claimant retains sufficient residual functional capacity to perform alternative work that exists in the national economy. Thus, the residual functional capacity assessment overlaps into step five.

Turning to Plaintiff's contention, the administrative law judge's implicit determination that Plaintiff's mental abilities are not significantly limited as a side effect of his pain medication is supported by substantial evidence. Plaintiff points to his own hearing testimony and two medical records where his physicians documented his subjective complaints of mental difficulties caused by his medications. Plaintiff's Opening Brief, pp. 6-7. However, the record is also replete with instances where Plaintiff denied the existence of impairments from his current medication regime. Tr. 225, 229, 232, 235, 237-38, 240-41, 245, 247, 320. There is also evidence in the record that Plaintiff was able to cut back on his medications to cut down on the unpleasant side effects he experienced and still achieve adequate pain management. Tr. 238, 320. The evidence upon which the administrative law judge relied - the absence of Plaintiff's complaints to his pain management specialist of mental difficulties resulting from his medication - amounts to "such relevant evidence as a reasonable mind might accept as adequate to support" the administrative law judge's conclusion that Plaintiff's mental abilities are not markedly impaired. See Hamlin, 365 F.3d at 1214 (quotation omitted). This conclusion is further bolstered by the mental status

examiner's conclusion that Plaintiff suffers no mental impairments or cognitive deficits, Tr. 203, and the conclusion of the reviewing psychologist who completed a Psychiatric Review Technique form and found only "mild" (as opposed to "none," "moderate," "marked," or "extreme") limitations in areas related to Plaintiff's mental functional abilities. Tr. 274. The evidence upon which the administrative law judge relied is not "overwhelmed by other evidence in the record" or supported by a mere scintilla of evidence. See Hamlin, 365 F.3d at 1214 (quotation omitted). Accordingly, the administrative law judge's factual conclusion that Plaintiff had the ability to perform sedentary work without marked mental limitations is supported by substantial evidence and should not be disturbed on judicial review. Plaintiff's second point of error does not warrant a remand.

## **RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge, and the pleadings and briefs of the parties, the undersigned Magistrate Judge finds that the administrative law judge applied correct legal standards in the decision, and that the decision is supported by substantial evidence. Accordingly, it is recommended that the final decision of the Commissioner of Social Security Administration be affirmed. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by July 1, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. This Report and

Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 11th day of June, 2008.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE